IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| John Douglas Alexander, | ) | C.A. No. 6:19-215-HMH-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Bryan Stirling, Director; B. McGee, | ) | |
| Responsible Official; Charles Williams, | ) | |
| Warden; Kurt Stevens, Agent; | ) | |
| M. Barker, Disciplinary Hearing Officer; | ) | |
| and The South Carolina Department of | ) | |
| Corrections, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] John Douglas Alexander ("Alexander"), a state prisoner proceeding pro se, alleges claims under the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10, *et seq.*, and violations of his constitutional rights.

Alexander filed this action in state court in McCormick County, South Carolina on August 28, 2018. (Compl., ECF No. 1-1.) Defendants filed a notice of removal on January 24, 2019. (Not. Removal, ECF No. 1.) Alexander filed a motion to remand on

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

February 1, 2019.² (Mot. Remand, ECF No. 11.) Defendants filed a response in opposition on March 6, 2019. (Resp. Opp'n Mot. Remand, ECF No. 19.) Alexander filed a reply on March 8, 2019.³ (Reply, ECF No. 23.) Magistrate Judge McDonald filed the Report and Recommendation on March 13, 2019, and recommends interpreting Alexander's filings as voluntarily dismissing his federal claims for relief, declining to exercise supplemental jurisdiction over Alexander's state law claims, granting Alexander's motion to remand, and dismissing Alexander's remaining dispositive motions as moot. (R&R 3, ECF No. 31.)

Alexander filed objections to the Report and Recommendation. (Objs., generally, ECF No. 39.) Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Alexander's objections are non-specific, unrelated to the dispositive portions of the Report, or merely restate his claims. However, the court was able to glean one specific objection. Alexander objects to the magistrate judge's recommendation that the court interpret Alexander's filings as voluntarily dismissing his federal causes of action. (Objs. 2, ECF No. 39.) Alexander states, "[t]he Plaintiff does not

---

² Houston v. Lack, 487 U.S. 266 (1988).

³ Id.

2

voluntarily, willingly[,] or imply in any manner that he waive, forfeit[,] or surrender any of his federal constitutions [sic] or federal claims involved in his Complaint." (Id., ECF No. 39.)

Under 28 U.S.C. § 1447(c), remand is proper when (1) the district court lacks subject matter jurisdiction or (2) there is a defect in removal other than lack of subject matter jurisdiction. Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008). In this case, the source of original jurisdiction asserted by Defendants is 28 U.S.C. § 1331, which gives district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Based on his objections, Alexander plainly states that he does not wish to dismiss any of his federal constitutional claims. Accordingly, there is no basis to support remanding this action to state court. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) ("In cases where federal law *creates* the cause of action, the courts of the United States unquestionably have federal subject matter jurisdiction.").

Further, Alexander contends that remand is necessary because he was not given an opportunity to respond to the notice of removal in state court. (Mot. Remand, generally, ECF No. 11.) This argument is without merit because a state court does not review a notice of removal. Ackerman v. ExxonMobil Corp., 734 F.3d 237, 249 (4th Cir. 2013) (holding that after an action filed in state court is removed to federal court, the state court is deprived of further jurisdiction over the removed case).

Accordingly, based on Alexander's specific objection, the court declines to adopt the magistrate judge's Report and Recommendation and denies Alexander's motion to remand. This matter is therefore remanded to the magistrate judge for further proceedings.

It is therefore

**ORDERED** that Alexander's motion to remand, docket number 11, is denied. It is further

**ORDERED** that this matter is remanded to the magistrate judge for further proceedings.

**IT IS SO ORDERED.**

                                           s/Henry M. Herlong, Jr.
                                           Senior United States District Judge

Greenville, South Carolina
April 1, 2019