IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| John Douglas Alexander, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:19-00215-HMH-KFM |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Bryan Stirling, B. McGee, Charles | ) | |
| Williams, Kurt Stevens, M. Barker, the | ) | |
| South Carolina Department of Corrections, | ) | |
| and Mr. Rogers, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] John Douglas Alexander ("Alexander"), a pro se state prisoner, alleges violations of the Eighth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983. (Am. Compl. 4, ECF No. 72; Resp. 7-8, ECF No. 118.) Bryan Stirling ("Stirling"), B. McGee ("McGee"), Charles Williams ("Williams"), Kurt Stevens ("Stevens"), M. Barker ("Barker"), the South Carolina Department of Corrections ("SCDC"), and Mr. Rogers ("Rogers") (collectively "Defendants") filed a motion for summary judgment. (Mot. Summ. J., ECF No. 113.) In his Report and Recommendation, Magistrate Judge McDonald recommends granting Defendants' motion. (R&R, ECF No. 131.) For the reasons stated below, the court

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

adopts the magistrate judge's Report and Recommendation and grants Defendants' motion for summary judgment.

## I. FACTUAL AND PROCEDURAL HISTORY

Alexander filed a complaint in the McCormick County Court of Common Pleas on June 28, 2018. (Not. Removal Attach. 1 (State Docs. 38-41), ECF No. 1-1.) Alexander also prepared a summons, civil action cover sheets, and a letter, which he mailed to the McCormick County Clerk of Court. (Id. at 30-37, ECF No. 1-1.) In the letter, Alexander indicated that he "included . . . a complete copy of the [summons and complaint] to be served upon each defendant individually once the [s]ummons has been signed by the Clerk or Deputy Clerk." (Id. at 30, ECF No. 1-1.) The complaint was forwarded to SCDC's Office of General Counsel, which notified Alexander that he failed to properly serve Defendants. (Id. at 17, ECF No. 1-1.)

On October 24, 2018, Alexander filed a motion for default, which a circuit judge denied due to Alexander's failure to serve Defendants. (Id. at 7, 10-11, ECF No. 1-1.) The circuit judge noted that, to serve state agencies, plaintiffs are required to "deliver[] a copy of the summons and complaint to the Attorney General of South Carolina." (Not. Removal Attach. 1 (State Docs. 7), ECF No. 1-1.) Subsequently, Alexander mailed a copy of the summons and complaint to the Attorney General of South Carolina by United States Postal Service and filed an "affidavit of service." (Mot. Summ. J. Attach. 7 (Aff. of Service 1-2), ECF No. 113-7.) On January 24, 2019, Defendants removed the instant matter. (Not. Removal, ECF No. 1.) On April 26, 2019, Alexander filed an amended complaint, asserting two causes of action: violations of the Eighth and Fourteenth Amendments. (Am. Compl., ECF No. 72.)

First, Alexander asserts that Defendants showed deliberate indifference and thus violated the Eighth Amendment by issuing "defective and hazardous indigent razors that cause[d] significant scars, scratches, tearing and rips[.]" (Id. at 4, 16, 18, ECF No. 72; Resp. 6, ECF No. 125.) Alexander notified Rogers, a SCDC employee, that these razors were "intensely unsafe, dangerous, and literally mutilated [his] skin upon contact." (Id. at 18, ECF No. 72.) In response, Rogers allegedly indicated that every inmate using these razors had made the same complaint. (Id., ECF No. 72.) Moreover, Rogers informed headquarters in Columbia and informed headquarters of the problem. (Id., ECF No. 72.) As a result, headquarters investigated the situation. (Am. Compl. 18, ECF No. 72.) Months later, Alexander followed up with Rogers, and Rogers informed him that the investigation was still ongoing. (Id., ECF No. 72.) Alexander claims that he was compelled to shave with these razors because SCDC policy requires inmates "to shave and be neatly groomed" and, by not grooming, Alexander risked losing certain privileges. (Id. at 19, ECF No. 72; Resp. 5, ECF No. 125.) Ultimately, the problem was cured, and indigent inmates are no longer issued these razors. (Alexander Objs. 3, ECF No. 135.)

Second, Alexander asserts a claim for a violation of his Fourteenth Amendment rights. (Resp. 7-8, ECF No. 118.) Alexander submits that Stevens, a K-9 officer at SCDC, falsely accused him of three prison infractions. (Am. Compl. 20, ECF No. 72.) Subsequently, Barker, a SCDC disciplinary hearing office, conducted a disciplinary hearing regarding these accusations. (Id., ECF No. 72.) Despite Alexander requesting several individuals to appear and testify, Alexander claims that Barker denied him the right to call witnesses and refused to record the testimony of Lt. Tatt. (Id., ECF No. 72.) Barker found Alexander guilty on all of the accusations. (Id., ECF No. 72.)

Defendants filed a motion for summary judgment on July 26, 2019. (Mot. Summ. J., ECF No. 113.) Alexander filed a response on August 26, 2019. (Resp., ECF No. 118.) On September 3, 2019, Defendants filed a reply. (Reply, ECF No. 121.) Alexander filed a sur reply on September 16, 2019. (Sur Reply, ECF No. 129.) On December 6, 2019, the magistrate judge issued a Report and Recommendation, recommending that Defendants' motion for summary judgment be granted. (R&R, ECF No. 131.) Defendants filed objections on December 17, 2019, and Alexander filed objections on December 20, 2019. (Defs. Objs., ECF No. 133; Alexander Objs., ECF No. 135.) On January 3, 2020, Defendants filed a reply to Alexander's objections. (Reply Objs., ECF No. 137.) This matter is now ripe for review.

## II. DISCUSSION OF THE LAW

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

### A. Defendants' Objections

Defendants filed objections to the Report and Recommendation. Upon review, the court finds that many of Defendants' objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate their arguments. However, the court identified one specific objection. Defendants contend that they are entitled to dismissal due to insufficient service of process. (Defs. Objs. 1-3, ECF No. 133.)

"'[T]he real purpose of service of process is to give notice to the defendant,'" Scott v. Md. State Dep't of Labor, No. 15-1617, 673 Fed. App'x. 299, 304 (4th Cir. Dec. 20, 2016) (unpublished) (quoting Karlsson v. Rabinowitz, 318 F.2d 666, 669 (4th Cir. 1963)), and "'mere technicalities' should not stand in the way of consideration of a case on its merits." Id. (quoting Torres v. Oakland Scavenger Co., 487 U.S. 312, 316-17 (1988)). However, "[a]ctual notice . . . is not the controlling standard[,] . . . and plain requirements [of the rules] may not be ignored." Id. (internal quotation marks and citations omitted). Nevertheless, "[n]oncompliance with [Rule 4] does not mandate dismissal where the necessary parties have received actual notice of a suit and where they have not been prejudiced by the technical defect in service." Smith v. S.C. Cmty. Bank, Civil Action No. 3:13-00344-MBS, 2013 WL 4056310, at *3 (D.S.C. Aug. 9, 2013) (unpublished) (citation omitted).

Defendants argue that the magistrate judge's reliance on Karlsson v. Rabinowitz, 318 F.2d 666 (4th Cir. 1963), is misplaced. The magistrate judge notes that Karlsson stands for the proposition that "noncompliance with Rule 4 does not mandate dismissal when the necessary parties have received actual notice of the suit and have not been prejudiced by the technical defect in service." (R&R 6, ECF No. 131.) Defendants argue that, because the facts in Karlsson are distinguishable, the cited proposition is inapplicable. However, the court finds this proposition, which is recognized throughout case law, applicable to the instant matter despite a variation in the facts.

Alexander has not technically satisfied the service of process requirements. Alexander was required to send a copy of the summons and complaint to the South Carolina Attorney General by "registered or certified mail[,]" yet Alexander mailed the copies through the United

5

States Postal Service. S.C. R. Civ. P. Rule 4(d)(4)(A). Moreover, Alexander attempted to serve the natural Defendants by providing copies and requesting that the Clerk of Court effectuate service. However, Defendants had actual notice of the matter as early as July 6, 2018. Additionally, Defendants are represented by the same attorney and have made numerous filings. Further, Defendants have failed to show, or even allege, that they have been prejudiced in any manner. Thus, the court finds that Defendants' objection is without merit.

**B. Alexander's Objections**

Alexander also filed objections to the Report and Recommendation. Upon review, the court finds that many of Alexander's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his arguments. However, the court identified three specific objections. Alexander objects to the magistrate judge's recommendations that Alexander fails to make the required showing for a § 1983 claim against Stirling or Williams based on supervisory liability, Alexander fails to make any allegations that Stevens violated his constitutional rights, and no genuine issue of material fact exists as to whether Rogers acted with a sufficient culpable state of mind.

**1. Stirling and Williams**

Alexander submits that "Stirling and Williams have a supervisory legal obligation under [f]ederal and [s]tate law to ensure that SCDC is a safe and healthy environment." (Alexander Objs. 2, ECF No. 135.) Further, Alexander argues that Stirling and Williams violated this duty and the Constitution by failing to take any corrective actions regarding the razors "until every inmate in SCDC sought medical attention[,]" which caused "thousands of inmates to suffer damages[.]" (Id. at 3, ECF No. 135.)

6

Public officials may be liable for the acts of their subordinates under § 1983 if the plaintiff demonstrates supervisory liability. Shaw v. Stroud, 13 F.3d 791, 798-99 (4th Cir. 1994).

> [There are] three elements necessary to establish supervisory liability under § 1983: (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices[ ]; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.
>
> Id. at 799 (internal quotation marks and citation omitted).

The court finds that issuing razors and ceasing their issuance after inmates complained about them does not rise to the level of a "pervasive and unreasonable risk of constitutional injury" required for supervisory liability. "[T]he prohibition against the infliction of cruel and unusual punishment does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995) (internal quotation marks and citation omitted). Because "ordinary discomfort accompanying prison life is part and parcel of the punishment . . . [,] only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim." Id. (internal quotation marks and citations omitted). Therefore, Alexander has failed to show a genuine issue of material fact regarding a constitutional violation sufficient for supervisory liability. See, e.g., DeBlasio v. Johnson, 128 F. Supp. 2d 315, 331-32 (E.D. Va. 2000) (finding no Eighth Amendment violation when a prison failed to provide razors, prisoners were required to comply with a grooming policy, and prisoners began borrowing razors and risking hepatitis); Salmons v. W. Reg'l Jail

Auth., Civil Action No. 3:18-1447, 2019 WL 5616916, at *6 (S.D.W. Va. Oct. 30, 2019) (unpublished) (noting that temporary deprivation of toiletries, including razors, does not result in a constitutional violation) (collecting cases).

### 2. Stevens

In the amended complaint, Alexander claims that Stevens falsely accused him of three prison infractions and that, when testifying at Alexander's disciplinary hearing, Stevens retracted his statement that Alexander was in the law library "at the time of discovery." (Am. Compl. 20, ECF No. 72.) In the objections, Alexander argues that he has shown that Stevens violated his constitutional rights because he "asserted that it was . . . Stevens who initiated the whole chain of events which led up to the Plaintiff be[ing] subjected to the illegal [d]isciplinary [h]earing." (Alexander Objs. 3, ECF No. 135.)

In § 1983 actions, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Alexander has failed to allege facts showing that Stevens violated his constitutional rights. Merely accusing a prisoner of committing prison infractions and retracting a statement during testimony is insufficient to show a Fourteenth Amendment violation.[2]

---

[2] Notably, if Defendants deprived Alexander of the right to call witnesses on his behalf, § 1983 is the improper vehicle for Alexander's Fourteenth Amendment claim. Alexander has not alleged that his disciplinary conviction has been overturned or set aside, a requisite for § 1983 claims that necessarily imply the invalidity of the conviction. See Edwards v. Balisok, 520 U.S. 641, 646-48 (1997). Because Alexander is alleging that he was not allowed to call several witnesses and that a party maliciously and falsely accused him of prison infractions, a finding for Alexander on the merits would necessarily imply the invalidity of his disciplinary conviction. See, e.g., id. at 647-48 (finding that allegations of an inability to call witnesses and deceit and bias on the part of the decision maker necessarily imply the invalidity of the conviction). Thus, habeas corpus would be the appropriate vehicle. See Pierce v. Freeman, No. 95-7031, 1997 WL 467533, at *2 (4th Cir. Aug. 15, 1997) (unpublished) (finding that because the plaintiff's

### 3. Rogers

Alexander argues that Rogers had a culpable state of mind because Rogers informed Alexander, regarding the razors, that "I can only give you what they send." (Alexander Objs. 4, ECF No. 135.) "To violate the Cruel and Unusual Punishments Clause [of the Eighth Amendment], a prison official must have a sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted). In the context of prison conditions, the requisite state of mind is "deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). Under this standard, "a prison official cannot be found liable . . . for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety[.]" Id.

The court finds that Rogers did not have a culpable state of mind sufficient for Eighth Amendment liability, as Rogers did not disregard an excessive risk to Alexander's health or safety. When Rogers was informed that the razors were dangerous, he contacted headquarters. Consequently, headquarters began an investigation into the situation and the razors are no longer being issued. Moreover, as detailed above, the issuance of the razors is insufficient to constitute an Eighth Amendment violation. Therefore, the court finds that Rogers did not show the requisite deliberate indifference.

---

allegations "would necessarily imply that [the punishment] was invalid, habeas corpus is unmistakably the appropriate vehicle").

### III. CONCLUSION

In conclusion, after a thorough review of the Report and Recommendation and the record in this case, the court adopts Magistrate Judge McDonald's Report and Recommendation and incorporates it herein by reference.

Therefore, it is

**ORDERED** that Defendants' motion for summary judgment, docket number 113, is granted.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
January 21, 2020